## Critchfield, Appellant, v. Levy.

*Appeals—Attorneys-at-law—Order refusing to disbar—Quashing appeal—Act of April 14, 1834, Sec. 74, P. L. 354.*

No appeal lies from an order discharging a rule to strike the name of an attorney-at-law from the record of attorneys, under the Act of April 14, 1834, P. L. 354. If such an appeal is taken, it will be quashed.

Submitted Sept. 30, 1919. Appeal, No. 1, Oct. T., 1919, by plaintiff, from order of C. P. Somerset Co., No. 2, of year 1918, Miscellaneous Docket, discharging rule to strike the name of an attorney from the list of attorneys in case of Jacob B. Critchfield v. Joseph Levy. Before BROWN, C. J., STEWART, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Appeal quashed.

Petition to strike name of Joseph Levy from list of attorneys. Before BAILEY, P. J., specially presiding.

The proceeding was instituted under Sec. 74 of the Act of April 14, 1834, P. L. 354.

The court discharged the rule. The petitioner appealed.

*Error assigned* was the order of the court.

*Alexander King,* for appellant.

*John A. Berkey* and *Fred W. Biesecker,* for appellee.— No appeal lies in this case: Gangewere's App., 61 Pa. 342; Davenport v. Jones, 126 Pa. 271; Wetherald v. Shupe, 109 Pa. 389.

PER CURIAM, October 22, 1919:

This appeal is from the discharge of a rule to show cause why Joseph Levy, the appellee, should not be ordered to pay to the appellant moneys alleged to have been collected for him, and why the name of the appellee should not be stricken from the list of practicing attorneys in the court below. In discharging the rule the court found as follows: "We have examined the depositions taken in this case and find absolutely no trace of any act of dishonesty or fraud on the part of this respondent. ......There is nothing in this case to cast even a shadow of suspicion of fraud upon Mr. Levy. It appears to us that this proceeding was not begun to purge the bar of one morally unfit to have the continued endorsement of the court, but for some purpose, not in the public interest, and as yet undisclosed to the court." The foregoing would call for a dismissal of this appeal if there was a right in the appellant to take it; but there is no such right given by the statute which he invoked.

Appeal quashed.